**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

REBECCA PATRICK,

:

                   Plaintiff,

   - against -                   **COMPLAINT**

:

ALBANY COUNTY SHERIFF CRAIG APPLE,     9:20 - cv- 047 (LEK/DJS)
ALBANY COUNTY SHERIFF'S OFFICE,
CORRECTIONS OFFICER MICHAEL SNYDER,   :     _____/_____
and THE COUNTY OF ALBANY,

                 Defendants.      :
_____

## INTRODUCTION

      This is a civil action brought to redress the deprivation by Defendants of rights secured to Plaintiff Rebecca Patrick (hereinafter "Plaintiff") by the United States Constitution and the laws of the United States of America and the State of New York. Plaintiff was formerly an inmate at the Albany County Correctional Facility (hereinafter "the Jail") for a period that included December 10, 2018 through March 22, 2019, and during that period of time she was the subject of a series of unwanted sexual groping, touching, sexual verbal advances, and sexual harassment by Corrections Officer Michael Snyder (hereinafter "Snyder"). Snyder's sexually motivated course of conduct was, among others, emotionally damaging to Plaintiff, offensive, frightening, an abuse of Snyder's position of authority, and an effort by Snyder to groom Plaintiff to provide sexual services to Snyder, as he targeted Plaintiff for even more intrusive and abusive sexually assaultive conduct.

      Defendants Sheriff Craig Apple (hereinafter "Sheriff Apple") and the Albany County Sheriff's Office (hereinafter "the Sheriff's Office") failed to have in place

policies and procedures to prevent Snyder's conduct towards Plaintiff, even though they were on notice of prior sexually assaultive conduct by its staff towards the female inmate population.

As a result of the above conduct and failures, Defendants violated Plaintiff's federally guaranteed civil rights, and rights guaranteed under New York State law, and she suffered damages, including emotional harm, fear, humiliation, anxiety, shame, embarrassment, and a loss of her civil rights.

With this as a background, Plaintiff does hereby complain and allege as follows.

## FACTUAL ALLEGATIONS

1.     This action is brought by Plaintiff, a former female prisoner of Defendants.

2.      While a prisoner of Defendants, and under Defendants' care, custody and control, Plaintiff was subjected to cruel and unusual punishment, sexually assaulted, deprived of her liberty and right to be secure, deprived of her personal safety and welfare, battered, assaulted, deprived of her privacy, and subject to the intentional infliction of emotional distress. As a result, Plaintiff has sustained a deprivation her civil rights, and continues to sustain serious and permanent psychological and emotional damage.

3.     Plaintiff seeks damages for Defendants' violations of the Eighth and Fourteenth Amendments of the U.S. Constitution, the Prison Rape Elimination Act of 2003 (34 USC §303), New York State Corrections Law§ 500-b, New York Penal Law §§130.05(3)(e)&(f), 130.52, 130.55 and 130.60, and for battery, assault, negligent supervision, and intentional infliction of emotional distress, all resulting in pain and suffering, loss of enjoyment of life, psychiatric treatment and other expenses, and lost wages.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1341, and 1343 as this action is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States secured by the U. S. Constitution and federal law pursuant to 42 U.S.C. §1983.

5.       This Court has supplemental jurisdiction over claims relating to the violation of state law under the provisions of 28 U.S.C. §1367. A timely Notice of Claim was filed in the action on April 17, 2019. Thereafter, the County of Albany requested a hearing pursuant to the requirements of General Municipal Law§50-h that was conducted on July 2, 2019.

6.      Venue is proper under 28 U.S.C.§ 1391(b)(2) because the events giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

7.      Plaintiff is a former female prisoner of Defendant Albany County Correctional Facility. Plaintiff is a natural person, current resident of Albany County, and a citizen of New York.

8.      Defendant Craig Apple, sued in his official and individual capacities, is, and at all times mentioned herein was, the Albany County Sheriff. Defendant Apple held the position of Albany County Sheriff while Plaintiff was a prisoner of, and sexually assaulted at, the Jail, which is a division of the Albany County Sheriff's Office.

9.      Defendant Albany County Sheriff's Office (hereinafter "the Sheriff's Office") is, and at all times mentioned herein was, a "full-service" Law Enforcement Agency

providing law enforcement services to residents and visitors of Albany County. These services include, among others, Uniform Patrol, Criminal Investigations Unit, Domestic Violence and Special Victims Unit. The Sheriff's Office is located at 16 Eagle Street, Albany, New York 12207. The Jail is a division of the Sheriff's Office. The Sheriff's Office employed, and continues to employ, Sheriff Apple and Snyder.

10.     Defendant County of Albany (hereinafter "the County") is, and at all times mentioned herein was, a county and political subdivision of the State of New York, duly organized and existing under the laws of the State of New York. Upon information and belief, the County is and was duly authorized and empowered to establish, maintain, operate and administer governmental services to residents of Albany County, including but not limited to, services provided to inmates and/or prisoners of the Jail and the Sheriffs Office.

11.     Snyder, sued in his official and individual capacities, is, and at all times mentioned herein was, a Corrections Officer at the Jail and in the employment of the County. Snyder held the position of Corrections Officer at the Jail while Plaintiff was a prisoner of, and sexually assaulted at, the Jail. Snyder is the party responsible for sexually assaulting and sexually grooming Plaintiff. Snyder is a natural person and, upon information and belief, resides in the State of New York.

## FACTS

12.     Plaintiff was an inmate at the Jail from September 7, 2018 through June 14, 2019, in a case related to the death of her 13 month-old son, who was killed by her former boyfriend. Plaintiff was charged with, and pled guilty to, two counts of Endangering the

4

Welfare of a Child (PL. §260.10), an "A" misdemeanor, in connection with the child's death, and was sentenced to a 14 month term of imprisonment, that she served at the Jail, followed by three years of probation.

13.    Plaintiff met Snyder at the Jail on the 7 West Tier during September 2018 and she encountered Snyder several more times, during Snyder's 7:00 am to 3:00 pm shift, at the Jail before the relationship turned inappropriate, when Snyder began abusing his position and power as a Corrections Officer.

14.    During the daily lunch lock-in period from 11:15 am to 12:30 pm, the only inmates allowed out of their cell were "runners", who brought lunch to other inmates. Beginning on or about December 10, 2018, Snyder began allowing Plaintiff out of her cell after the runner had completed the tasks of delivering food and collecting trays, in order for Plaintiff to clean the tier. Prior to that first occasion Snyder informed Plaintiff that he would allow her to have staff food as payment for her cleaning the tier. Snyder organized this arrangement that resulted in Plaintiff obtaining superior food, even though Snyder knew that Plaintiff's particular inmate status was not entitled to perform the task he gave her, or receive the food he provided for her.

15.    On this first occasion when Snyder had Plaintiff clean the tier, as she returned to her cell he brushed up against Plaintiff and touched her buttocks with his hand.

16.    Snyder repeated this conduct an additional seven more times from that date until January 20, 2019, each time touching Plaintiff's buttocks with his hand, at the end of her cleaning chores. After the first occasion when he touched her buttocks, and each time thereafter, it was absolutely clear to Plaintiff that Snyder's conduct was intentional, whereas during the first occasion Plaintiff initially thought it might have been accidental.

17.     On or about January 20, 2019 Snyder not only touched Plaintiff's buttocks, but he slapped her buttocks.

18.     On the first seven occasions at the completion of her cleaning chores and touching her buttocks, Snyder provided Plaintiff with staff lunch food. On January 20, 2019, Snyder did not provide her with food but instead gave her a chocolate Hershey's Kiss candy.

19.     During this time period Snyder once groped Plaintiff, when he grabbed and pulled Plaintiff's shirt and bra strap as she sat at a table with another inmate.

20.     On or about January 20, 2019, Plaintiff ceased engaging in this arrangement of cleaning the tier in exchange for staff lunch food even though she feared that Snyder would take retribution or punish her in some manner, as Snyder did thereafter become belligerent towards Plaintiff and did deny her certain services. However, Snyder continued his predatory course of conduct by inappropriately touching and caressing Plaintiff's hands, as he would reach through her cell bars to shake her hands, and then caress and hold her hands in an inappropriate and sexually suggestive manner. This conduct continued through on or about March 22, 2019.

21.     On several occasions during the aforesaid time period, Snyder made sexually suggestive comments to Plaintiff, who was already suffering from great personal trauma as a result of the death of her infant son. Among others, Snyder invited Plaintiff to live with him at his home when she was released from the Jail. Snyder told Plaintiff that he had a large home and that he treated his women well.

22.     On or about March 25, 2019 Plaintiff submitted a written complaint regarding Snyder's inappropriate conduct to the Inmate Services Unit at the Jail.

23.     All of the aforesaid physical actions, and verbal sexual invitations and advances, were unsolicited by Plaintiff, done without provocation from Plaintiff, and were committed by Snyder in an effort to groom Plaintiff for his sexual pleasure. Snyder, a correctional officer, was a predator who was abusing the power of his position to engage Plaintiff in a sexual relationship that included the touching, caressing, slapping, and groping that he undertook as stated above.

24.     The aforesaid physical actions, and verbal sexual invitations and advances, were degrading and humiliating to Plaintiff, caused her imminent fear of her safety at the Jail from Snyder and other inmates, caused her emotional pain, anxiety, embarrassment, and caused her physical pain as she became nauseous and physically sick from the repeated acts and sexual advances and entreaties by Snyder, and as a result of the trauma and emotional pain caused by Snyder she engaged in cutting self-harm behavior.

25.     Plaintiff filed a Notice of Claim pursuant to General Municipal Law §50 within 90 days of the aforesaid events and submitted to sworn testimony upon notice from the Albany County Attorney's office.


**FIRST CLAIM FOR RELIEF**
**(8th Amendment – Cruel and Unusual Punishment)**
**(42 U.S.C. §1983 against Apple, Sheriff's Office, Albany County, and Snyder)**


26.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

27.     At the time of this course of conduct of sexual assaults, Snyder, a male correctional officer, was in charge of patrolling, monitoring, and keeping order in Plaintiff's unit -- a female unit with all female prisoners. No female correctional officers were patrolling,

supervising, and/or keeping order in Plaintiff's unit. This was the policy, custom and practice at the Jail as implemented, instituted and approved by Sheriff Apple, the Sheriff's office, and the County.

28.     Snyder, acting under color of this policy, custom and practice, by his actions, did place Plaintiff in imminent fear of immediate offensive physical touching and contact, and did assault, sexually assault, batter, and sexually abuse Plaintiff by each of the aforementioned acts individually and collectively. The cumulative acts of the for month course of conduct engaged in by Snyder against Plaintiff was malicious and sadistic and hurt Plaintiff physically and psychologically and emotionally.

29.     Plaintiff did not provoke Snyder or his actions, nor could she legally consent due to her status as an inmate and Snyder's status as a corrections officer. When Snyder offered Plaintiff a privilege that she was not entitled to, which was in exchange for his sexual touching, she complied out of fear of retaliation and retribution until she could no longer participate physically and emotionally, and refused to leave her cell despite her fear of retaliation. Despite Plaintiff opting out of Snyder's food privilege-for-sex abuse scheme, Snyder continued to fondle and caress Plaintiff through her jail cell bars, and continued to make verbal advances and offers of a sexual nature. Snyder's unprovoked actions and unwanted sexual attention offends objective societal standards of decency.

30.     Snyder's actions subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. Because Plaintiff was incarcerated, she lacked the ability to consent to engage in sexual relations in any form with Snyder. In addition, Plaintiff felt that she had no other choice but to engage in Snyder's food

privilege-for-sexual abuse scheme so as to avoid disciplinary charges and/or other repercussions. Such constitutes a *per se* violation of the Eighth Amendment.

31.     Upon information and belief, Sheriff Apple, the County, and the Sheriff's Office permitted Snyder, a male correctional officer, to supervise female prisoners without female supervision. In light of past allegations of sexual misconduct this constitutes an adoption of a policy, custom and practice of indifference to Plaintiff's constitutional rights, resulting in her being sexually abused by Snyder's course of physical and verbal conduct. Sheriff Apple, the County, and the Sheriff's Office knew or show have known of the risk and ignored it.

32.     Sheriff Apple, the County, and the Sheriff's Office acted with deliberate indifference toward the threat and history of sexual assault at the Jail, and to the risk of Plaintiff's safety, security and privacy in violation of the Eighth Amendment.

33.     Snyder had a sufficiently culpable state of mind, and, upon information and belief, employees of the Jail were aware of Snyder's propensities

34.     The harm Snyder caused Plaintiff is sufficiently serious. Snyder's sexually offensive conduct towards Plaintiff was deeply offensive to Plaintiff's human dignity. Plaintiff, an already fragile and victimized individual, suffered severe psychological injuries as a result, with emotional, psychological and physical consequences to Plaintiff.

35.     Defendant Apple, the County, and the Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities. They failed to do so.

36.     Defendants Apple, the Sheriff's Office and the County, were on notice of the inadequacy of its policies and procedures in preventing sexual harassment and sexual

abuse by male corrections officers against female inmates by virtue of prior acts of sexual assault, including the one as recently as that by Corrections Officer Augustus Robertson against female inmate Gina Carpenter that occurred on July 30, 2014.

37.      The actions of Defendants resulted in Plaintiff's victimization by Snyder, his course of verbal and physical conduct over a four-month period of time, and her suffering serious emotional and psychological injuries. As a result, Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

38.      Due to the Defendants' violations of the Eighth Amendment of the U.S. Constitution, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts that may have jurisdiction over this matter.

### SECOND CLAIM FOR RELIEF
**(14th Amendment - Deprivation of Liberty and Right to be Secure)**
**(42 U.S.C. §1983 against Defendants Apple, the Sheriff's Office, Albany County, and Snyder)**

39.      Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

40.      Snyder, while acting under color of the Jail's policy, custom and practice, by his actions, did place Plaintiff in imminent fear of immediate offensive physical and sexually offensive conduct and contact, as well as fear of retribution of disciplinary charges and/or other repercussions, and did assault, sexually assault, commit battery, and sexually abuse Plaintiff. The approximate four month physical and verbal course of conduct perpetrated

by Snyder against Plaintiff was malicious and sadistic and hurt Plaintiff, physically, emotionally, and psychologically.

41.    Plaintiff did not provoke Snyder or his actions. Plaintiff did not want Snyder's sexual attention. Defendant Roberson's unprovoked actions and unwanted sexual attention offends objective societal standards of decency.

42.    Snyder's actions deprived Plaintiff of her liberty and right to be secure as guaranteed under the Fourteenth Amendment of the U.S. Constitution. Despite her inability to consent, as she was an incarcerated inmate, she was forced to engage in sexual contact with Snyder.

43.    Defendants permitted Snyder, a male correctional officer, to supervise female prisoners without any female supervision. This constitutes an adoption of a policy, custom and practice of indifference to Plaintiffs constitutional rights, resulting in her being victimized by Snyder. Defendant Facility knew, or show have known, of the risk and ignored it.

44.    Defendants acted with deliberate indifference toward this sexual abuse. Defendants acted with deliberate indifference to the risk of Plaintiffs safety in violation of the Fourteenth Amendment.

45.    Snyder had a sufficiently culpable state of mind, and, upon information and belief, employees of the Jail were aware of Snyder's propensities.

46.    The  harm  Snyder caused Plaintiff is sufficiently serious. Snyder's sexual assault of Plaintiff is deeply offensive to Plaintiffs human dignity. Plaintiff, an already fragile and victimized individual, suffered severe psychological injuries.

47.        Sheriff Apple, the County, and the Sheriff's Office were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities. They failed to do so.

48.        Defendants Sheriff Apple, the Sheriff's Office and Albany County, were on notice of the inadequacy of its policies and procedures in preventing sexual harassment and sexual abuse by male corrections officers against female inmates by virtue of prior acts of sexual assault including the one as recently as that by Corrections Officer Augustus Robertson against female inmate Gina Carpenter that occurred on July 30, 2014.

49.        The actions of Defendants resulted in Plaintiff's victimization by Snyder, his course of verbal and physical conduct over a four-month period of time, and her suffering serious emotional and psychological injuries. Defendants deprived Plaintiff of her liberty and right to be secure as guaranteed under the Fourteenth Amendment of the U.S. Constitution.

50.        Due to the Defendants' violations of the Fourteenth Amendment of the U.S. Constitution, Plaintiff is entitled to recover damages and Sheriff Apple, the County, Snyder and the Sheriff's Office are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.


### THIRD CLAIM FOR RELIEF
**(Violation of Prison Rape Elimination Act of 2003 – 34 USC §303)**
**(Against Defendants Apple, the Sheriff's Office, Albany County, and Snyder)**

51.        Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

52.        Snyder, while acting under color of the Jail's policy, custom and practice, by his actions, did place Plaintiff in imminent fear of immediate offensive physical and sexually offensive conduct and contact, as well as retribution of disciplinary charges and/or other

repercussions, and did assault, sexually assault, commit battery, and sexually abuse Plaintiff. The approximate four month physical and verbal course of conduct perpetrated by Snyder against Plaintiff was malicious and sadistic and hurt Plaintiff, physically, emotionally, and psychologically.

53.      Plaintiff did not provoke Snyder or his actions. Plaintiff did not want Snyder's sexual attention. Defendant Roberson's unprovoked actions and unwanted sexual attention offends objective societal standards of decency.

54.      Defendants permitted Snyder, a male correctional officer, to supervise female without any female officers present or supervising. This constitutes an adoption of a policy, custom and practice of indifference to Plaintiff's constitutional rights, resulting in her being victimized by Snyder. Defendants knew, or show have known, of the risk and ignored it.

55.      Defendants acted with deliberate indifference toward this sexual abuse. Defendants acted with deliberate indifference to the risk of Plaintiff's safety in violation of the Prison Rape Elimination Act ("PREA"), enacted to insure the prevention of sexual abuse and sexual harassment in prisons.

56.      Snyder had a sufficiently culpable state of mind, and, upon information and belief, employees of the Jail were aware of Snyder's propensities.

57.      Sheriff Apple, the County, and the Sheriff's Office were responsible for implementing and carrying out the goals of preventing sexual abuse and/or sexual harassment in its facilities under the PREA. They failed to do so. Albany County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Jail and the Sheriff's Office in a safe manner under the Prison

Rape Elimination Act. It failed to do so. The Jail and Sheriff Apple, on and prior to Plaintiff's admission to the Jail, adopted the PREA, and, according to the Sheriff Apple's and the Sheriff's Office webpage on the County's website "albanycounty.com", have "actively been implementing the PREA standards through policy, education, and good working strategies with the goal of preventing sexual abuse and/or sexual harassment in its facilities". The facts as alleged herein make clear that Sheriff Apple, the Sheriff's Office, and the County have failed to adequately implement the PREA, and that failure led to Snyder's acts of sexual misconduct and sexual harassment towards Plaintiff.

58.     Defendants Sheriff Apple, the Sheriff's Office and Albany County, were on notice of the inadequacy of its policies and procedures in preventing sexual harassment and sexual abuse by male corrections officers against female inmates by virtue of prior acts of sexual assault including the one as recent as that by Corrections Officer Augustus Robertson against female inmate Gina Carpenter that occurred on July 30, 2014.

59.     The actions of Defendants resulted in Plaintiff's victimization by Snyder, his course of verbal and physical conduct over a four-month period of time, and her suffering serious emotional and psychological injuries, all in violation of the mandates of the PREA.

60.     Due to the Defendants' violations of the Prison Rape Elimination Act, Plaintiff is entitled to recover damages and Sheriff Apple, the County, Snyder and the Sheriff's Office are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

**FOURTH CLAIM FOR RELIEF**
**New York State Corrections Law§ 500-b**
**(Against Defendant Apple, Defendant Sheriff's Office, Albany County and Snyder)**

61.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

62.    Sheriff Apple, the Sheriff's Office, and Albany County compromised Plaintiffs personal safety and welfare while she was a prisoner at the Jail and failed to keep the Plaintiff safe, in violation of their non-delegable duty to do so pursuant to New York State Corrections Law §500-b.

63.    Sheriff Apple, the Sheriff's Office, and Albany County, permitted Snyder (an unsupervised male correctional officer) to supervise Plaintiff (a female prisoner), thereby adopting a policy, custom and practice of indifference to Plaintiffs constitutional rights. As a result of Defendants deliberate indifference, Plaintiff was sexually assaulted by Snyder, and subject to a four-month course of conduct of physical and verbal sexual advances, groping, touching and assaults, and sustained serious psychological, emotional, and physical injuries. Snyder's conduct was foreseeable and preventable.

64.    Defendants failure to exercise appropriate and adequate precautions severely compromised Plaintiff's personal safety and welfare resulting in Plaintiff's injuries in violation of New York State Corrections Law§ 500-b.

65.    Sheriff Apple, the Sheriff's Office, and Albany County were responsible for implementing and carrying out the goal of preventing sexual abuse and/or sexual harassment in its facilities. They failed to do so. Albany County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of the Jail in a safe manner. It failed to do so.

66.    The actions of Defendants resulted in Plaintiff's personal safety and welfare being severely compromised and her injuries in violation of New York State Corrections Law §500-b.

67.    Due to the Defendants' violations of New York State Corrections Law§ 500-b, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts that may have jurisdiction over this matter.

## FIFTH CLAIM FOR RELIEF
### (New York State Law - Assault)
### (Against All Defendants)

68.    Plaintiff repeats, reiterates and re-alleges each and every prior allegation contained herein.

69.    Snyder's unjustified and unwarranted acts, and four-month course of sexually offensive and assaultive conduct as heretofore alleged, against Plaintiff constituted the common law tort of assault causing Plaintiff to sustain physical and emotional injuries.

70.    As a direct consequence of Snyder's unjustified, unlawful, and unconsented to touching and sexual abuse, Plaintiff was caused to suffer physical and emotional injuries, fear, terror, personal humiliation and degradation, as well future pain and suffering and future medical expenses.

71.    Sheriff Apple, the Sheriff's Office and Albany County are vicariously liable for the acts Snyder, as Snyder was acting within the scope and authority of his employment at all times mentioned herein. Further, these Defendants were, upon information and belief, on sufficient notice of Snyder's sexual misconduct propensities. Finally, these

Defendants were on notice of prior sexual assaults by members of the staff at the Jail so that they knew, or should have known, that this conduct was likely to occur without sufficient precautionary measures taken, which they failed to undertake.

72.    Due to Snyder's conduct that resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter

**SIXTH CLAIM FOR RELIEF**
**(New York State Law - Battery)**
**(Against All Defendants)**

73.    Plaintiff repeats, reiterates and re-alleges each and every prior allegation contained herein.

74.    Snyder's unjustified and unwarranted acts, and four-month course of sexually offensive and assaultive conduct as heretofore alleged, against Plaintiff constituted the common law tort of battery causing Plaintiff to sustain physical and emotional injuries. Snyder intentionally made harmful and offensive bodily contact with Plaintiff. Without Plaintiff's consent, Snyder sexually assaulted Plaintiff. Snyder forcibly grabbed Plaintiff by her shirt and bra, touched, slapped and grabbed her buttocks, and fondled and caressed Plaintiff's hands.

75.    As a direct consequence of Snyder's unjustified, unlawful, and unconsented to groping, touching, and sexual abuse, Plaintiff was caused to suffer physical and emotional injuries, fear, terror, personal humiliation and degradation, as well future pain and suffering and future medical expenses.

76.     Defendants Sheriff Apple, the Sheriff's Office and Albany County are vicariously liable for the acts Snyder as Snyder was acting within the scope and authority of his employment at all times mentioned herein. Further, these Defendants were, upon information and belief, on sufficient notice of Snyder's sexual misconduct propensities. Finally, these Defendants were on notice of prior sexual assaults by members of the staff at the Jail so that they knew, or should have known, that this conduct was likely to occur without sufficient precautionary measures taken, which they failed to undertake.

77.    Due to the battery that resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts, which may have jurisdiction over this matter

### SEVENTH CLAIM FOR RELIEF
**(New York Law - Negligent Supervision**
**(Against Defendant Apple, the Sheriff's Office, and Albany County)**

78.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

79.    Plaintiff was a prisoner, under the care, custody and control of Sheriff Apple and the Sheriff's Office.

80.     Had these Defendants adequately supervised Snyder, the sexual assault and sexual harassment referenced herein would not have occurred.

81.     Plaintiff's injuries were reasonably foreseeable. Prison sexual assault is an ongoing epidemic. National standards have been adopted. Defendants Sheriff Apple and the Sheriff's Office were in charge of implementing same. Defendants failed to properly

implement and carry out the goal of preventing sexual abuse and/or sexual harassment at the Jail. Defendants failed to properly implement policies to prevent sexual abuse.

82.    Defendant County was responsible for establishing, maintaining, operating and administering services to inmates and/or prisoners of Defendants Sheriff Apple and the Sheriff's Office at the Jail, in a safe manner. It failed to do so.

83.    Due to Defendants' failure to adequately supervise Snyder and which resulted in Plaintiffs injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts, which may have jurisdiction over this matter.


### EIGHTH CLAIM FOR RELIEF
**(New York State Law - Negligence)**
**(Against All Defendants)**

84.    Plaintiff repeats, reiterates and re-alleges each and every prior allegation contained herein.

85.    Defendants had a duty as custodian of Plaintiff's physical person to use reasonable care, and exercise reasonable conduct, in providing for her safety and well being, and were negligent in executing that duty.

86.    Snyder's unjustified and unwarranted acts against Plaintiff, caused Plaintiff to sustain physical and emotional injuries. Snyder intentionally made harmful and offensive bodily contact with Plaintiff. Without Plaintiff's consent, Snyder sexually assaulted Plaintiff. Snyder forcibly grabbed and groped Plaintiff by her shirt and bra, touched slapped and grabbed her buttocks, fondled and caressed Plaintiff's hands, and made verbal sexual advances.

87.    As a direct consequence of Snyder's unjustified, unlawful, and unconsented to touching and sexual abuse, Plaintiff was caused to suffer physical and emotional injuries, fear, terror, personal humiliation and degradation, as well future pain and suffering and future medical expenses.

88.    Sheriff Apple, the Sheriff's Office and Albany County are vicariously liable for the acts Snyder as Snyder was acting within the scope and authority of his employment at all times mentioned herein. Further, these Defendants were, upon information and belief, on sufficient notice of Snyder's sexual misconduct propensities. Finally, these Defendants were on notice of prior sexual assaults by members of the staff at the Jail so that they knew, or should have known, that this conduct was likely to occur without sufficient precautionary measures taken, which they failed to undertake.

89.    Due to the negligence that resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts, which may have jurisdiction over this matter.

### NINTH CLAIM FOR RELIEF
**(New York State Law – Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

90.    Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs of this complaint.

91.    The actions and inactions of Defendants set forth herein were atrocious and intolerable. While under Defendants' care, custody and control, Plaintiff was subjected to cruel and unusual punishment, sexually assaulted, groped, slapped, subjected to offensive and over-bearing sexual advances, deprived of her liberty and right to be secure, deprived

20

of her personal safety and welfare, battered, assaulted and deprived of her privacy. Defendants acted with deliberate indifference to all of it, thereby causing Plaintiffs physical and psychological injuries.

92.     Snyder committed the inappropriate, offensive, and sexual conduct towards Plaintiff intentionally and purposefully, with the knowledge that Plaintiff was a fragile, frightened, and emotionally scarred individual.

93.     Defendants failed to follow national standards adopted by the U.S. Department of Justice and blatantly disregarded the liberty, safety, security and welfare of their own prisoner who was subjected to the actions listed above.

94.     Due to Defendants' inactions and deliberate indifference which resulted in Plaintiff's injuries, Plaintiff is entitled to recover damages and Defendants are thus liable for damages in an amount to exceed jurisdictional limits of all lower courts which may have jurisdiction over this matter.

## Prayer For Relief

**WHEREFORE,** Plaintiff demands judgment against Defendants with respect to those causes of action, upon which allegations are made against them with this Complaint, and requests this Court to provide the following relief, against each Defendant named herein, jointly and severally:

A. An order awarding compensatory damages in the amount to be determined at trial, including without limitation, damages for the violation of Plaintiff's Constitutional and statutory rights under federal and state law, Plaintiff's emotional and physical injuries, conscious pain and suffering, embarrassment, humiliation, and fear;

B. An order awarding compensation for lost wages, medical expenses, and other expenses;

C. Punitive damages against defendants individually;

D. Costs and attorneys' fees under 42 USC 1988, and

E. Such other and further relief as the Court may deem just and proper.

DATED:     January 13, 2020     Yours, etc.
             Albany, New York

Lee Greenstein
Digitally signed by Lee Greenstein
DN: cn=Lee Greenstein, o, ou,
email=leegreenstein@yahoo.com,
c=US
Date: 2020.01.13 11:10:27 -05'00'

LEE GREENSTEIN
Attorney for Plaintiff
125 Adams Street
Delmar, New York 12054
(518) 475-9844